# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:20-CR-00043 |
| EVAN RISHARD PHILLIPS, | : |
| Defendant. | : |

## ORDER

    The Court held a hearing on the United States Probation Office's Petition (Doc. 46) to revoke Defendant Evan Rishard Phillips's supervised release. This Order memorializes that hearing. Previously, Phillips pleaded guilty to possession of a firearm by a convicted felon in violation of 18 USC §§ 922(g)(1) and 924(a)(2). The Petition alleges fourteen violations of his supervised release. (Doc. 46 at 1-2).

    At the hearing, Defense Counsel acknowledged that Phillips had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Phillips of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Phillips was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Phillips acknowledged he understood. The Court also confirmed from Phillips that he had received the Petition and the Revocation Report (Doc. 56) and reviewed them. Phillips stated that he had spoken to Counsel and wished to stipulate to Violation One. The Court then held a hearing on the allegation of Violation 10. The Government presented evidence on the matter and the Court found by a preponderance of the evidence that Phillips committed Violation 10. Because Phillips stipulated to Violation One and the Court found Violation Ten, the Government withdrew the allegations of Violation Two, Three, Four, Five, Six, Seven, Eight, Nine, Eleven, Twelve, Thirteen, and Fourteen. The Court also found that Phillips waiver of a hearing on the Petition as to Violation One was freely, knowingly, and voluntarily done.

Because Williams stipulated and admitted to Violations One and the Government sufficiently proved Violation Ten by a preponderance of the evidence, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once the violations had been established, the Court heard from the Government, Defense Counsel, and Defendant Phillips. Neither Phillips nor the Government objected to the Revocation Report. The Court then declared Phillips's supervised release revoked.

The Court determined Phillips's U.S. Sentencing Guidelines range to be 24 months based on Grade A violation, a criminal history category of VI, and the statutory maximum sentence. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Phillips to **twenty-four months**. The Court found this sentence appropriate to reflect the seriousness of Phillips's conduct and to protect the public. Phillips's imprisonment shall be followed by no supervised release.

For these reasons, the Petition (Doc. 46) is **GRANTED**, and Phillips's supervised release is **REVOKED**. Defendant is sentenced to **twenty-four months**. After his release, he will have no term of supervised release.

**SO ORDERED**, this 23rd day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).